**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **DISCOVER PROPERTY & CASUALTY INSURANCE COMPANY AND THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT,** | § § § § § | |
| Plaintiffs, | § § § | |
| **v.** | § § | **CIVIL ACTION NO. 1:21-cv-00487** |
| **BLUE BELL CREAMERIES USA, INC., BLUE BELL CREAMERIES, L.P., BLUE BELL CREAMERIES, INC., JOHN W. BARNHILL, JR., GREG A. BRIDGES, RICHARD DICKSON, PAUL A. EHLERT, JIM E. KRUSE, PAUL W. KRUSE, W.J. RANKIN, HOWARD W. KRUSE, PATRICIA I. RYAN, AND DOROTHY MCLEOD MACINERNEY** | § § § § § § § § § § | **JURY DEMAND** |
| Defendants. | § § | |

## PLAINTIFFS' ORIGINAL COMPLAINT

COME NOW, Discover Property & Casualty Insurance Company ("Discover") and The Travelers Indemnity Company of Connecticut ("Travelers Indemnity", collectively "Plaintiffs" or "Travelers") and file their Original Complaint, respectfully showing the Court as follows:

## I.
### PARTIES AND SERVICE

1.      Plaintiff Discover Property & Casualty Insurance Company is a corporation organized and existing under the laws of the Connecticut with its principal places of business located in Hartford, Connecticut.

2.      Plaintiff The Travelers Indemnity Company of Connecticut, is a corporation organized and existing under the laws of the State of Connecticut with its principal place of business located in Hartford, Connecticut.

3.      Blue Bell Creameries USA, Inc. is a Delaware corporation with its principal place of business in Brenham, Texas.  Blue Bell Creameries USA, Inc. may be served with the summons and complaint through the Texas Secretary of State who shall then forward it by certified mail, return receipt requested, or registered mail to Blue Bell Creameries USA, Inc.'s registered office located at 1101 S. Horton Street, Brenham, Texas 77833.

4.      Blue Bell Creameries, L.P. is a Delaware corporation with its principal place of business in Brenham, Texas.  Blue Bell Creameries, L.P. may be served through its registered agent for service of process, Samuel J. Sommer, at 1999 Bryan Street, Suite 900, Dallas, Texas 75201, or wherever the registered agent may be found.

5.      Blue Bell Creameries, Inc. is a Delaware corporation with its principal place of business in Brenham, Texas.  Blue Bell Creameries, Inc. may be served through its registered agent for service of process, Samuel J. Sommer, at 1999 Bryan Street, Suite 900, Dallas, Texas 75201, or wherever the registered agent may be found.

6.      John W. Barnhill, Jr. is an individual who resides in Washington County, Texas and is a citizen of Texas.  Mr. Barnhill may be served with process by serving him at his residence at 4800 Old Chappell Hill Rd, Brenham, Texas 77833, or wherever he may be found.

7.      Greg A. Bridges is an individual who resides in Washington County, Texas and is a citizen of Texas.  Mr. Bridges may be served with process by serving him at his residence at 1650 Woodward Springs Road, Brenham, Texas 77833, or wherever he may be found.

8.      Richard Dickson is an individual who resides in Washington County, Texas and is a citizen of Texas.  Mr. Dickson may be served with process by serving him at his residence at 7650 Hoddeville School Road, Brenham, Texas 77833, or wherever he may be found.

9.      Paul A. Ehlert is an individual who resides in Washington County, Texas and is a citizen of Texas.  Mr. Ehlert may be served with process by serving him at his residence at 1704 Walsch Lane, Brenham, Texas 77833, or wherever he may be found.

10.     Jim E. Kruse is an individual who resides in Washington County, Texas and is a citizen of Texas.  Mr. Kruse may be served with process by serving him at his residence at 3401 Wiesepape Road, Brenham, Texas 77833, or wherever he may be found.

11.     Paul W. Kruse is an individual who resides in Washington County, Texas and is a citizen of Texas.  Mr. Kruse may be served with process by serving him at his residence at 3880 Mustang Road, Brenham, Texas 77833, or wherever he may be found.

12.     W.J. Rankin is an individual who resides in Washington County, Texas and is a citizen of Texas.  Mr. Rankin may be served with process by serving him at his residence at 2501 Heather Glen Street, Brenham, Texas 77833, or wherever he may be found.

13.     Howard W. Kruse is an individual who resides in Washington County, Texas and is a citizen of Texas.  Mr. Kruse may be served with process by serving him at his residence at 5211 Cedar Hill Road, Brenham, Texas 77833, or wherever he may be found.

14.     Patricia I. Ryan is an individual who resides in Blanco County, Texas and is a citizen of Texas.  Ms. Ryan may be served with process by serving her at her residence at 200 Ancient Echo, Blanco, Texas 78606 or wherever she may be found.

15.     Dorothy McLeod MacInerney is an individual who resides in Travis County, Texas and is a citizen of Texas.  Ms. MacInerney may be served with process by serving her at her residence at 2316 Island Wood Road, Austin, Texas 78733, or wherever she may be found.

16.     Blue Bell Creameries, USA, Inc., is referred to herein as "Blue Bell."  Where appropriate, Blue Bell Creameries, USA, Inc., Blue Bell Creameries, L.P., and Blue Bell Creameries, Inc. are collectively referred to as the "Blue Bell Entities."  The individuals listed above are, where applicable, collectively referred to as the "Officers and Directors."  The Blue Bell Entities and the Officers and Directors are collectively referred to as "Defendants."

## II.
### JURISDICTION AND VENUE

17.     This action is brought pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.* and Federal Rule of Civil Procedure 57.  Plaintiffs seek a declaration that they do not owe defense or indemnity coverage to Defendants under any insurance policy in connection with the stockholder derivative action filed against Blue Bell and its Officers and Directors.

18.     This Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different states.

19.     This Court has personal jurisdiction over the Blue Bell Entities because each maintains its principal place of business in the State of Texas.

20.     This Court has personal jurisdiction over the Officers and Directors because each resides in Texas.

21.     Venue exists under 28 U.S.C. § 139l(b)(l) because one or more defendants reside in this district and/or under Section 1391(b)(2) because a substantial part of the events or omissions giving rise to the requested declaratory relief occurred in this district.

### III.
#### INTRODUCTION AND FACTUAL BACKGROUND

22.     Over three years after a shareholder sued the Officers and Directors of Blue Bell for the financial ruin that befell Blue Bell in the wake of the 2015 *Listeria* outbreak, the Blue Bell Entities tendered the shareholder lawsuit, wrongly claiming it is a suit for bodily injury that triggered coverage under its commercial general liability policies.  But the shareholder derivative suit is not a suit seeking damages against Blue Bell for bodily injury caused by an occurrence, and thus, there is no coverage.  Accordingly, Travelers files this lawsuit seeking a declaratory judgment that, among other things, the Defendants are not entitled to coverage under any Travelers commercial general liability policies.

**A.     The Policies**

23.     Discover issued commercial general liability ("CGL") insurance policies to the Blue Bell Entities from 2009 through 2010 and Travelers issued CGL insurance policies to some or all of the Blue Bell Entities in 2011 and 2013 through 2016.  The policies, individually and collectively referred to as the "Policies", are listed below:

| Policy Period | Insurer | Policy Number | Named Insured(s) |
|---|---|---|---|
| 01/01/2009-01/01/2010 | Discover Property & Casualty Insurance Company | D007L00092 | Blue Bell Creameries, L.P. Blue Bell Creameries, Inc. Blue Bell Creameries, USA, Inc. BBC Limited Partners, Inc. BBC New Partner, LLC |
| 01/01/2010-01/01/2011 | Discover Property & Casualty Insurance Company | D007L00108 | Blue Bell Creameries, L.P. Blue Bell Creameries, Inc. Blue Bell Creameries, USA, Inc. BBC Limited Partners, Inc. BBC New Partner, LLC |

| Policy Period | Insurer | Policy Number | Named Insured(s) |
|---|---|---|---|
| 01/01/2011-01/01/2012 | The Travelers Indemnity Company of Connecticut | HC2E-GLSA-476M5307-TCT-11 | Blue Bell Creameries, L.P.<br>Blue Bell Creameries, Inc.<br>Blue Bell Creameries, USA, Inc.<br>BBC Limited Partners, Inc.<br>BBC New Partner, LLC |
| 01/01/2013-01/01/2014 | The Travelers Indemnity Company of Connecticut | HC2E-GLSA-125D8771-TCT-13 | Blue Bell Creameries, L.P.<br>Blue Bell Creameries, Inc.<br>Blue Bell Creameries, USA, Inc. |
| 01/01/2014-01/01/2015 | The Travelers Indemnity Company of Connecticut | HC2E-GLSA-125D8771-TCT-14 | Blue Bell Creameries, L.P. |
| 01/01/2015-01/01/2016 | The Travelers Indemnity Company of Connecticut | HC2E-GLSA-125D8771-TCT-15 | Blue Bell Creameries, L.P.<br>Blue Bell Creameries, Inc.<br>Blue Bell Creameries, USA, Inc. |

**B.      The Shareholder Suit**

24.     On or about August 14, 2017, a shareholder derivative lawsuit was filed against Blue Bell Creameries USA, Inc., as the nominal defendant, and the Officers and Directors, asserting claims against the Officers and Directors for breach of their fiduciary duties owed to Blue Bell based on their alleged knowing, intentional and/or willful misconduct in preventing and controlling the 2015 *Listeria* outbreak that resulted in the nationwide recall of all Blue Bell ice cream products (the "Shareholder Suit").[1]  None of the other Blue Bell Entities are parties to the Shareholder Suit.  A true and correct copy of the publicly-filed complaint is attached hereto as Exhibit A (the "Complaint").

25.     Over three years later, on or about April 1, 2021, the Blue Bell Entities alleged for the first time that they were entitled to coverage under the Policies for the Shareholder Suit.  The

---

[1] For purposes of its Original Complaint, Travelers sets forth the facts as alleged in the Complaint.  As of the time of this filing, Travelers has no knowledge of, nor does it take any position regarding, whether any of the facts alleged in the Complaint are true.

reason for the delay is evident; the Blue Bell Entities know that the Policies do not provide coverage for a shareholder derivative suit.

26.     The Complaint asserts that Blue Bell's Officers and Directors breached their fiduciary duties by failing "to maintain standards and controls necessary for the sanitary and safe production and distribution of the Company's ice cream products," which caused Company-wide *Listeria* contamination that injured "the Company and its stockholders in the amount of at least hundreds of millions of dollars and created a liquidity crisis which was ultimately funded by a massively dilutive private equity investment."  *See* Ex. A. at pp. 1-2.  The Complaint further alleges that the resulting financial "harm suffered by Blue Bell and its stockholders was catastrophic."  *Id*. at ¶ 69.

27.     According to the Complaint, as sellers of ice cream, Blue Bell was "subject to heavy regulations at the federal and state level."  *Id*. at ¶ 39.  As such, the Officers and Directors, "operating in this industry and exercising their fiduciary obligations loyally and in good faith were required to comply with regulations and establish controls to monitor for, avoid and remediate contamination and conditions that expose the Company and its products to risk of contamination."  *Id.*  Despite these obligations, the Complaint alleges that "Company inspection reports evidence a history of repeated findings of unsafe conditions …."  *Id.* at ¶ 48.  The Complaint is replete with examples, dating back to July 24, 2009, of inspection reports, by the FDA and other government organizations, identifying problems or violations that, left uncorrected, could cause contamination.  *See, e.g., id.* at ¶¶ 49 – 54.

28.     Beginning in February 2015, Blue Bell was notified that its ice cream had tested positive for *Listeria*.  *Id.* at ¶ 59.  The FDA ultimately issued three reports finding, among other things, that Blue Bell failed to manufacture foods under conditions and controls necessary to

minimize the potential for growth of microorganisms, failed to clean food-contact surfaces frequently as necessary to protect against contamination of food, and failed to take all reasonable precautions to ensure that production procedures did not contribute to contamination.  *See id.* at ¶¶ 65 - 67.  By April 2015, Blue Bell had recalled all of its products, disposing of "8 million gallons of ice cream."  *Id.* at ¶ 62.

29.     The Complaint alleges that, before the 2015 *Listeria* outbreak, Blue Bell's officers, Paul Kruse and Bridges, "***knowingly*** disregarded contamination risk and safety compliance and continued the Company's production and distribution of ice cream," despite several positive test results for *Listeria*.  *Id.* at ¶ 96 (emphasis added).  Specifically, the Complaint alleges that, beginning in 2013 and continuing until Blue Bell was notified by government authorities of the *Listeria* outbreak, "Company management received increasingly frequent and continuing positive presumptive test results for *Listeria spp* …, [y]et Paul Kruse and Bridges continued the Company's production and distribution of ice cream."  *Id.* at ¶ 96.  The Complaint alleges that Kruse and Bridges "knowingly disregarded contamination risk and legal compliance" and "knew the Company had a *Listeria* problem and insufficient process to eliminate contamination, yet continued to produce and distribute ice cream."  *Id.* at ¶ 121.

30.     The Complaint also alleges that the board of director Defendants "***willfully*** failed to exercise [their] fundamental authority to govern management and institute a system of controls for legal compliance and safe operations of the Company."  *Id.* at ¶ 99 (emphasis added).  Specifically, the Complaint alleges that the Defendant Directors supported the Defendant Officers "despite the obvious existential threat to the Company due to management's failure to operate the Company safely and the blatantly evident lack of adequate oversight and reporting of the known *Listeria* problems."  *Id.* at ¶ 112.

31.     The Complaint asserts two causes of action, both for breaches of fiduciary duties owed to Blue Bell.  The first is a "derivative claim for breach of fiduciary duties of loyalty and care for knowingly [*sic*] disregard of contammination [*sic*] risks and failure to oversee Blue Bell's operation and compliance" against Paul Kruse and Bridges.  *Id.* at ¶¶ 142-145.  The second is a "derivative claim for breach of fiduciary duties of loyalty for willfull [*sic*] failure to govern management and institute a system of controls and reporting" against the Officers and Directors.  *Id.* at ¶¶ 146-150.

32.     The Complaint seeks the following, among other, relief:

    i.    Declaration that the Officers and Directors breached their fiduciary duties to Blue Bell;

    ii.    Determination of and award to Blue Bell the damages sustained by it as a result of the Officers and Directors' breaches of fiduciary duties;

    iii.    Disgorgement and cancellation of stock in Blue Bell owned by the Officers and Directors and their affiliates and disgorgement of the dividends and other benefits received by Defendants unjustly at the expense of Blue Bell; and

    iv.    Directing Blue Bell to implement policies and procedures to maintain adequate operational controls.

**C.     Travelers Has No Duty To Defend or Indemnify Any Defendant For the Shareholder Suit Under the Policies**

33.     Defendants wrongly contend that one or more of the Policies provides coverage to the Blue Bell Entities for the Shareholder Suit on the basis that the suit seeks damages because of "bodily injury" to which the Policies apply.

34.     The Insuring Agreement in the Policies provides, in relevant part, that:[2]

---

[2] The language quoted herein is substantially similar in each of the Policies unless otherwise noted.  The actual language quoted is found in the 2015 Policy (Policy No. HC2E-GLSA-125D8771-TCT-15).

### 1.      Insuring Agreement

a.      We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" … to which this insurance applies.  We will have the right and duty to defend the insured against any "suit" seeking those damages.  However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" … to which this insurance does not apply.

…

b.      This insurance applies to "bodily injury" … only if:

(1)      The "bodily injury" … is caused by an "occurrence" that takes place in the "coverage territory";

(2)      The "bodily injury" … occurs during the policy period; …

…

"Bodily injury" means "mental anguish, mental injury, shock, fright, disability, humiliation, sickness or disease sustained by a person, including death resulting from any of these at any time."[3]

"Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

35.      The Insured, under the Policies, includes the entities listed on the chart in Section A, *supra*, as well as their "'executive officers' and directors …, but only with respect to their duties as [the Named Insured's] officers or directors."

36.      There is no coverage under the terms, conditions, and/or exclusions of the Policies for the following non-exhaustive reasons.

37.      There can be no coverage under the Policies because the Shareholder Suit is not a suit for damages because of "bodily injury."  Instead, it is a suit for equitable and other relief resulting from a breach of fiduciary duty.

---

[3] The 2009, 2010, and 2011 Policies define "bodily injury" to mean "bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time."

38.     There also can be no coverage under the Policies because the Shareholder Suit does not seek to hold any insured under the Policies legally liable for damages.  Instead, the allegations are that the Officers and Directors, in breach of their fiduciary duties as officers and directors of Blue Bell, engaged in knowing and willful misconduct, which caused Blue Bell and its shareholders to suffer financial harm.  The relief sought is either not for damages, but for equitable relief, or, to the extent that the Shareholder Suit seeks damages, any such damages would be awarded to, not against, Blue Bell.

39.     Furthermore, in the unlikely event that the Blue Bell Entities could establish that the Shareholder Suit is a suit for "damages because of bodily injury," there still would be no coverage because any alleged "bodily injury" was not "caused by an occurrence," defined as an accident, as required for coverage under the Policies.  The Shareholder Suit does not allege an occurrence, but instead alleges intentional, non-accidental, conduct on the part of the Officers and Directors.  Finally, there can be no coverage under the Insuring Agreement under one or more of the Policies unless otherwise covered "bodily injury" occurred during the policy period.

40.     For each of the above reasons, there is no coverage under the Insuring Agreement in the Policies.  There is also no coverage under the Policies because the Shareholder Suit does not seek damages because of "property damage," "personal injury," or "advertising injury."

41.     In addition to the foregoing, coverage is excluded under one or more of the following exclusions in the Policies:

     i.    The "expected or intended injury" exclusion in the Policies.

     ii.    The "contractual liability" exclusion in the Policies.

     iii.    The "recall of products, work or impaired property" exclusion in the Policies.

     iv.    The "personal and advertising injury" exclusion in the Policies.

v.    The "knowing violation of rights of another" exclusion in the Policies.

42.    There also is no coverage for the Shareholder Suit under the Policies because Defendants failed to comply with the notice and/or cooperation provisions of the Policies, and any other condition precedent to coverage.

43.    There is also no coverage because Defendants failed to mitigate their damages.

44.    Coverage also may not be afforded to Defendants under the Policies with respect to the Shareholder Suit based upon additional language and/or terms of the Policies, statutes, common law and/or equity.

## IV.
### CAUSE OF ACTION: DECLARATORY JUDGMENT

45.    Travelers incorporates by reference the allegations contained in Paragraphs 1 through Paragraph 44 of this Complaint as if fully set forth herein.

46.    An actual case or controversy exists between Travelers and the Defendants regarding the availability, if any, of insurance coverage for the Shareholder Suit under one or more of the Policies.

47.    Travelers seeks a declaration that it has no duty to defend or indemnify any of the Defendants for the Shareholder Suit because the terms, conditions, and/or exclusions in the Policies do not provide coverage for the Shareholder Suit.

## V.
### ATTORNEYS' FEES

48.    Travelers is entitled to, and hereby seeks, to recover its reasonable and necessary attorneys' fees as allowed by law.

**VI.**
**JURY DEMAND**

49.     Pursuant to Federal Rule of Civil Procedure 31, Travelers requests a jury trial on

all issues so triable.

**VII.**
**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Travelers respectfully prays that the Court:

    i.    Declare that Travelers has no duty to defend or indemnify any of the Defendants for the Shareholder Suit under any of the Policies;

    ii.    In the event that it is determined that Travelers has a duty to defend any of the Defendants for the Shareholder Suit under any of the Policies, declare that Travelers' obligations under the Policies are limited to post-tender fees and costs and are excess to proper exhaustion of any self-funded retentions or other applicable terms of the Policies.

    iii.    In the event that it is determined that Travelers has a duty to indemnify any of the Defendants for the Shareholder Suit under any of the Policies, declare that Travelers' obligations under the Policies are subject to the applicable limits of the Policies, excess of proper exhaustion of any self-funded retention obligations and subject to the "Non Cumulation Of Each Occurrence limit" endorsements to the Policies;

    iv.    In the event that it is determined that Travelers has a duty to indemnify any of the Defendants for the Shareholder Suit under any of the Policies, declare that Travelers' obligations under the Policies are limited to the payment of covered damages, and that there is no coverage available for any other relief, including equitable relief, declaratory relief, disgorgement, directives, or other similar such relief;

    v.    Otherwise declare the rights and obligations of the parties under the Policies with respect to the Shareholder Suit;

    vi.    Award Travelers its costs and attorneys' fees arising from this action; and

    vii.    Award Travelers any and all other relief, as the Court deems just and equitable.

{00297834.DOCX}                                                    13

Respectfully submitted,


By:  */s/Courtney Ervin*
  Courtney Ervin
  *Attorney-in-Charge*
  Texas Bar No. 24050571
  cervin@hicks-thomas.com
  Amanda Goldstein
  Texas Bar No. 24102067
  agoldstein@hicks-thomas.com
  **HICKS THOMAS LLP**
  700 Louisiana St., Suite 2300
  Houston, Texas 77002
  Telephone: 713.547.9100
  Facsimile: 713.547.9150


  **ATTORNEYS FOR PLAINTIFFS DISCOVER
  PROPERTY & CASUALTY INSURANCE
  COMPANY AND THE TRAVELERS
  INDEMNITY COMPANY OF CONNECTICUT**

**OF COUNSEL:**

James R. Old, Jr.
Texas Bar No. 15242500
jold@hicks-thomas.com
**HICKS THOMAS LLP**
111 Congress Avenue, Suite 1010
Austin, Texas 78701
Telephone: 512-827-7990
Facsimile: 409-419-1733