**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **DISCOVER PROPERTY & CASUALTY** | § | |
| **INSURANCE COMPANY AND THE** | § | |
| **TRAVELERS INDEMNITY COMPANY** | § | |
| **OF CONNECTICUT,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 1:21-cv-00487-RP** |
| | § | |
| **BLUE BELL CREAMERIES USA, INC.,** | § | **JURY DEMAND** |
| **BLUE BELL CREAMERIES, L.P.,** | § | |
| **BLUE BELL CREAMERIES, INC., JOHN** | § | |
| **W. BARNHILL, JR., GREG A. BRIDGES,** | § | |
| **RICHARD DICKSON, PAUL A.** | § | |
| **EHLERT, JIM E. KRUSE, PAUL W.** | § | |
| **KRUSE, W.J. RANKIN, HOWARD W.** | § | |
| **KRUSE, PATRICIA I. RYAN, AND** | § | |
| **DOROTHY MCLEOD MACINERNEY,** | § | |
| | § | |
| **Defendants.** | § | |

**PLAINTIFFS' CROSS-MOTION FOR SUMMARY JUDGMENT**

{00307422.DOCX}

## TABLE OF CONTENTS

I. INTRODUCTION AND SUMMARY ............................................................................ 1

II. FACTUAL BACKGROUND ................................................................................... 2

    A.    The Listeria Outbreak and Ensuing Shareholder Suit ............................................. 2

    B.    The Policies .......................................................................................... 3

III. ARGUMENTS & AUTHORITIES .......................................................................... 4

    A.    The Eight Corners Rule ............................................................................ 4

    B.    No "Insured" is Alleged to be "Legally Obligated to Pay Damages" ........................... 5

        1.    The third-party CGL Policies do not cover Blue Bell's first-party losses ..................... 5

        2.    The Officers and Directors are not insureds for the Shareholder Suit ........................... 7

    C.    There is no Alleged Accident and, Therefore, no Occurrence ........................................ 9

    D.    The Shareholder Suit does not Seek "Damages Because of Bodily Injury" ................. 12

    E.    The Opioid Cases that Defendants Rely upon are Inapposite ........................................ 17

IV. CONCLUSION AND PRAYER .............................................................................. 18

Plaintiffs Discover Property & Casualty Insurance Company ("Discover") and the Travelers Indemnity Company of Connecticut ("Travelers Indemnity") (collectively, "Travelers") file this Motion for Summary Judgment and respectfully show the Court as follows:

## I.
## INTRODUCTION AND SUMMARY

In this insurance coverage suit, Travelers seeks a declaration that the commercial general liability ("CGL") policies it issued to Blue Bell Creameries USA, Inc. ("Blue Bell" or "Company") do not require Travelers to defend or indemnify the defendants in a shareholder derivative lawsuit brought on behalf of Blue Bell (the "Shareholder Suit"). The Shareholder Suit alleges that certain officers and directors of Blue Bell breached their fiduciary duties to Blue Bell by knowingly and willfully allowing a Listeria outbreak that resulted in catastrophic financial harm to Blue Bell. The plaintiff in the Shareholder Suit seeks hundreds of millions of dollars in lost profits and lost value suffered by Blue Bell.

The Shareholder Suit is not covered under the CGL policies for at least three reasons:

(1) The Complaint in the Shareholder Suit ("Complaint") does not allege that any insured is "legally obligated to pay" damages, as required to trigger coverage.

(2) The Complaint alleges intentional, knowing, and willful conduct, not an "occurrence" or "accident," as required to trigger coverage.

(3) The Complaint seeks to recover purely financial losses suffered by Blue Bell, not to compensate any plaintiff for "damages because of bodily injury," as required to trigger coverage.

For any and all of these reasons, Travelers has no duty to defend or indemnify Defendants in connection with the Shareholder Suit as a matter of law, and summary judgment should be granted for Travelers on all claims.

## II.
## <u>FACTUAL BACKGROUND</u>

**A.      The Listeria Outbreak and Ensuing Shareholder Suit**

In February 2015, the Texas Department of State Health Services notified Blue Bell that samples of its ice cream tested positive for Listeria.[1] In April 2015, the Centers for Disease Control and Prevention ("CDC") stated that Blue Bell's products were the source of a Listeria outbreak that had infected eight adults and issued a warning that no consumers should eat Blue Bell's products.[2] Between March and April 2015, Blue Bell recalled all of its products, disposing of "8 million gallons of ice cream."[3] The Listeria outbreak is alleged to have injured "the Company and its stockholders in the amount of at least hundreds of millions of dollars."[4]

On August 14, 2017, a shareholder of Blue Bell filed the Shareholder Suit against several of Blue Bell's officers and directors (the "Officers" and "Directors").[5] The plaintiff shareholder brought "this derivative action on behalf of Blue Bell,"[6] the nominal defendant, seeking to hold the Officers and Directors liable for the financial losses they caused by breaching their fiduciary duties owed to Blue Bell.

The Complaint alleges, among other things, that Officers Paul Kruse and Greg Bridges "knowingly disregarded *Listeria* contamination risk and continued the Company's production and distribution of ice cream, in breach of their fiduciary duties of care and loyalty to the

---

[1] *See* Verified Stockholder Derivative Action Complaint ("Complaint"), ¶¶ 59, 109. The sealed Complaint is filed at Dkt. 29 and incorporated herein by reference. A copy of the redacted Complaint is attached hereto as **Exhibit 1**.

[2] Complaint ¶¶ 63-64 (Ex. 1; Dkt. 29).

[3] *Id*. ¶ 62.

[4] *Id.* at p. 2.

[5] "**Officers**" refers to Paul W. Kruse and Greg A. Bridges. "**Directors**" refers to John W. Barnhill, Jr., Richard Dickson, Paul A. Ehlert, Jim E. Kruse, W.J. Rankin, Howard W. Kruse, Patricia I. Ryan, and Dorothy McLeod MacInerney. "**Blue Bell**" or "**Company**" refers to Blue Bell Creameries USA, Inc. "**Defendants**" collectively refers to Blue Bell Creameries USA, Inc., Blue Bell Creameries, L.P., Blue Bell Creameries, Inc., John W. Barnhill, Jr., Greg A. Bridges, Richard Dickson, Paul A. Ehlert, Jim E. Kruse, Paul W. Kruse, W.J. Rankin, Howard W. Kruse, Patricia I. Ryan, and Dorothy McLeod MacInerney.

[6] *Id*. at p. 1.

Company."[7] The Directors are alleged to have "willfully failed to exercise [their] fundamental authority and duty to govern Company management and establish standards and controls for Company compliance, in breach of the directors' fiduciary duty of loyalty to the Company."[8] The Listeria outbreak catastrophically decreased Blue Bell's ███, causing it to ████████████ ██████.[9] The Shareholder Suit seeks to recover for the financial harm suffered by Blue Bell because of the Officers' and Directors' breach of their fiduciary duties owed to Blue Bell, as well as equitable relief.[10]

## B.    The Policies

Travelers issued CGL policies to Blue Bell and related entities from 2009 through 2011, and from 2013 through 2016 (the "Policies"). The Policies are all substantively identical for purposes of this Motion and, for ease of reference, Travelers will refer to the 2015 Policy.[11]

In April 2021, over three years after the Shareholder Suit was filed, Defendants sought a defense of the Shareholder Suit under the 2015 policy, contending that the Complaint seeks damages because of "bodily injury."[12]

---

[7] *Id.* at p. 2. References to confidential allegations in the Complaint have been redacted. Contemporaneously with the filing of this Motion, Travelers will file its Unopposed Motion to Seal Plaintiffs' Unredacted Cross-Motion for Summary Judgment, which is incorporated herein by reference.

[8] *Id.* at p. 2.

[9] *Id.* ¶ 77.

[10] *Id.* at p. 62.

[11] A true and correct copy of the 2015 Policy is attached hereto as **Exhibit 2**. The parties in this case have stipulated that, as it relates to the parties' cross-motions for summary judgment, the Policies are identical in all material respects. *See* Joint Stipulation [Dkt. 27] ¶ 8. The parties have further stipulated that the Court may rely on the policy language of the 2015 policy as representative of all of the Policies in reaching a determination on the parties' cross-motions for summary judgment, and that "the Court's resolution of the Parties' cross-motions for summary judgment as to the 2015 Policy shall apply equally to the other [Policies] for the parties and policy periods covered by such policies." *Id.* ¶ 9. The Joint Stipulation is incorporated herein by reference.

[12] Defendants' letter to Travelers tendering the Shareholder Suit identified Blue Bell Creameries LP and Blue Bell Creameries, Inc. as insureds even though neither are parties to the Shareholder Suit. Out of an abundance of caution, Travelers named them as defendants in this lawsuit. However, because Blue Bell Creameries LP and Blue Bell Creameries, Inc. are not parties to the Shareholder Suit, they have no basis to claim coverage under the Policies. They also are not entitled to coverage for the same reasons Blue Bell and the Officers and Directors are not covered, as set forth herein.

Like most CGL policies, the Policies provide that Travelers:

> will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" … to which this insurance applies. [Travelers] will have the right and duty to defend the insured against any "suit" seeking those damages.[13]

The "insured" under the Policies is Blue Bell, including its officers and directors, but "only with respect to their duties as [the named insured's] officers or directors."[14] Claims because of "bodily injury" are covered only if the injury was caused by an "occurrence,"[15] which is defined as an "accident."[16]

As more fully explained below, the Policies do not provide coverage for the Shareholder Suit because: (1) it seeks to recover financial losses suffered by Blue Bell, not to obligate Blue Bell to pay damages to a third-party; (2) it seeks to hold the Officers and Directors liable for breaching their fiduciary duties to Blue Bell, not for performing their duties as officers and directors of Blue Bell; (3) it alleges only intentional acts, not an occurrence or accident; and (4) it seeks to recover financial losses, not damages because of bodily injury suffered by any injured person.

### III.
### ARGUMENTS & AUTHORITIES

#### A.     The Eight Corners Rule

In determining the duty to defend, Texas follows the "eight corners" rule, which provides that an insurer owes a duty to defend only if the complaint alleges facts within the scope of coverage provided by the insurance policy. *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Merch. Fast Motor Lines, Inc.*, 939 S.W.2d 139, 141 (Tex. 1997) (per curiam). If the complaint

---

[13] *See* Ex. 2 at Travelers_0015.

[14] *Id.* at Travelers_0022.

[15] *Id.*

[16] *Id.* at Travelers_0028.

"does not allege facts within the scope of coverage, an insurer is not legally required to defend a suit against its insured." *Id.*

The duty to defend can be determined as a matter of law because the court need only examine the policy language and the allegations in the underlying complaint. *Id.* And, when the reasons that negate the duty to defend also negate the duty to indemnify, the duty to indemnify also may be determined as a matter of law, even before the insured's liability is determined in the underlying lawsuit. *See Farmers Tex. County Mut. Ins. Co. v. Griffin*, 955 S.W.2d 81, 84 (Tex. 1997).

Here, the Complaint does not allege any facts that fall within the scope of coverage under the Policies. Accordingly, Travelers is entitled to summary judgment that it has no duty to defend or indemnify Defendants in connection with the Shareholder Suit.

**B.      No "Insured" is Alleged to be "Legally Obligated to Pay Damages"**

1.      *The third-party CGL Policies do not cover Blue Bell's first-party losses*

The Policies provide coverage for injuries to third parties (*i.e.* third-party coverage), requiring Travelers to "pay those sums that *the insured* becomes legally obligated to pay as damages" because of an otherwise covered loss, and to defend suits seeking such damages.[17] But, the Shareholder Suit was brought "on behalf of Blue Bell," the insured, to obtain an "award[] to Blue Bell [of] the damages sustained by it as a result of the breaches of fiduciary duties" by the Officers and Directors.[18] Any recovery obtained will be paid to Blue Bell by the Officers and Directors.[19] Defendants impermissibly seek to convert third-party coverage into first-party coverage. Because Blue Bell (the insured) is the injured party, the Policies do not apply.

---

[17] *See id.* at Travelers_0015 (emphasis added).

[18] Complaint at pp. 1, 62 (Ex. 1; Dkt. 29).

[19] An action for breach of fiduciary duty against a corporation's officers and directors is generally brought through a shareholder derivative suit, as in the case of the Shareholder Suit. This is because the officers and directors owe

While this issue has not been addressed under Texas law, other jurisdictions agree that CGL policies do not cover shareholder litigation alleging losses suffered by the corporate insured. *See, e.g., Farr v. Farm Bureau Ins. Co. of Nebraska*, 61 F.3d 677, 681 (8th Cir. 1995) (holding that a CGL policy did not provide coverage when "the corporate insured suffer[ed] injury arising from a breach of duty by corporate directors and/or officers"); *First Mercury Syndicate, Inc. v. New Orleans Private Patrol Service, Inc.*, 600 So. 2d 898, 901 (La. Ct. App. 1992) (reversing trial court's judgment in favor of insured on duty to defend and indemnify in the context of a shareholder derivative lawsuit because "liability insurance does not protect an insured from damage caused to itself").

These cases are consistent with Texas law. In *Evanston Ins. Co. v. ATOFINA Petrochem., Inc.*, 256 S.W.3d 660 (Tex. 2008), the Texas Supreme Court explained that first-party insurance claims are distinguished from third-party insurance claims based on "the claimant's relationship to the loss." *Id*. at 674. A first-party claim seeks recovery for the *insured's own loss*, whereas a third-party claim seeks coverage for *damages owed by the insured* to an injured third party. *Id*. at 674-75. CGL policies provide coverage to "the insured for damages caused by covered injuries to *third parties*, including the general public, as a result of the insured's business operations." *Seger v. Yorkshire Ins. Co., Ltd.*, 503 S.W.3d 388, 402 (Tex. 2016) (emphasis added); *see also*

---

fiduciary duties to the corporation, not the individual shareholders (absent some special duty). *Webre v. Sneed*, 358 S.W.3d 322, 329 (Tex. App.—Houston [1st Dist.] 2011), *aff'd*, 465 S.W.3d 169 (Tex. 2015). The shareholder has no private right of action for "a wrong done to the corporation" or "for injuries suffered by the corporation which merely result in the depreciation of the value of their stock." *Id*. Thus, the "action for such injury must be brought by the corporation, not the individual shareholder," which is accomplished by a suit brought "derivatively in the name of the corporation." *Id*.; *see also Tooley v. Donaldson, Lufkin & Jenrette, Inc.*, 845 A.2d 1031, 1036 (Del. 2004) ("Because a derivative suit is being brought on behalf of the corporation, the recovery, if any, must go to the corporation."). To have standing, the shareholder must "fairly and adequately represent[] the interest of the corporation in enforcing the right of the corporation." *Webre*, 358 S.W.3d at 330 (quoting Texas Business and Commerce Code article 5.14 on shareholder derivative suits). While the shareholder could benefit from the outcome of the suit if the corporation recovers the lost value and that recovery results in an increase in the share value, only the company has the cause of action or the right to recovery.

*Paul Guardian Ins. Co. v. Centrum GS Ltd.*, 283 F.3d 709, 713 (5th Cir. 2002) (applying Texas law) (CGL policies apply "when a third party sues the insured.").

Because any recovery in the Shareholder Suit will be awarded to Blue Bell, the insured, Travelers' duty to defend Blue Bell has not been triggered and, for the same reason, Travelers has no duty to indemnify Blue Bell for any award it may receive.

      2.     <u>*The Officers and Directors are not insureds for the Shareholder Suit*</u>

The Officers and Directors also are not entitled to coverage for the Shareholder Suit because they do not qualify as insureds.[20] The Policies provide that Blue Bell's officers and directors are insureds, but "*only with respect to their duties as [Blue Bell's] officers or directors*."[21] Here, the sole cause of action against the Officers and Directors is for *breach* of their fiduciary duties owed to Blue Bell, the named insured. The Officers and/or Directors are alleged to have breached their "fiduciary duties of loyalty and care for knowing[] disregard of contamination risks and failure to oversee Blue Bell's operations and compliance,"[22] and to have breached their "fiduciary duties of loyalty for willful[] failure to govern management and institute a system of controls and reporting."[23] Because the only allegations of wrongdoing against the Officers and Directors are that they breached their duties owed to the insured, they could not have been acting "with respect to their duties as [the insured's] officers or directors," and cannot be considered insureds under the Policies.

While Texas courts have yet to address this issue, the Eighth Circuit has held that a CGL policy does not provide "coverage for a situation in which the corporate insured suffers injury

---

[20] The only other two defendants, Blue Bell Creameries LP and Blue Bell Creameries, Inc., are not parties to the Shareholder Suit, and thus are not alleged to be liable for any damages. As discussed in footnote 12, *supra*, as non-parties, they have no basis to seek coverage for the Shareholder Suit.

[21] *Id*. at Travelers_0022 (emphasis added).

[22] Complaint at p. 59, Count I (Ex. 1; Dkt. 29).

[23] *Id*. at p. 60, Count II.

arising from a breach of duty by corporate directors and/or officers." *Farr*, 61 F.3d at 681. In so

holding, the court relied on the same language contained in the Policies here. *See id*. at 680. The

court reasoned that a breach of fiduciary duty cannot be considered conduct "with respect to

[their] duties … as officers or directors" of the insured. *Id*. at 681. The court explained:

> [Liability] policies are intended to cover injuries caused by
> corporate officers when these officers are properly carrying out
> their duties to the corporation and are designed to protect the
> officer who acts to advance the business of the corporation, not the
> officer who acts in a manner that is antagonistic toward the
> corporation's business interests. *It follows that the policies provide
> no coverage for injuries arising from a corporate officer's breach
> of a duty owed to the corporation.*

*Id.* (emphasis added).

Consistent with the terms of the Policies and the court's reasoning in *Farr*, this Court

should hold that the Officers and Directors are not entitled to coverage as "insureds" because the

Shareholder Suit alleges they are liable to the insured (Blue Bell) for breaching their fiduciary

duties. *See also Haggerty v. Fed. Ins. Co.*, 32 F. App'x 845, 848-49 (9th Cir. 2002) (affirming

summary judgment in favor of insurer because an executive officer cannot have been "acting

'with respect to [his] duties'" when alleged to have been acting "in violation of his contractual

and fiduciary duties"); *Lomes v. Hartford Fin. Servs. Group, Inc.* 88 Cal. App. 4th 127, 132-36

(Cal. Ct. App. 2001) (reversing summary judgment granted in favor of director because a

director is not an "insured" when he is alleged to have defamed his fellow shareholder and the

corporation); *Milazo v. Gulf Ins. Co.*, 224 Cal. App. 3d 1528, 1539 (Cal. Ct. App. 1990) ("To

hold a partner could be covered under a partnership general liability policy for his acts *against*

the very business organization that gives him his status as an insured person would turn the

concept of partnership on its head.").

**C.    There is no Alleged Accident and, Therefore, no Occurrence**

The Shareholder Suit also is not covered because the Officers' and Directors' acts and omissions causing the harm suffered by Blue Bell are alleged to have been committed intentionally, knowingly, and willfully. The Policies only cover liability for injuries caused by an "occurrence," which is defined as "an accident."[24] An "accident" is "a fortuitous, unexpected, and unintended event." *Wilkinson v. State Farm Lloyds*, 458 F. App'x 379, 381 (5th Cir. 2012).

"[A] person's acts are not accidental when he commits an intentional act that results in injuries that ordinarily follow from or could be reasonably anticipated from the intentional act." *American States Ins. Co. v. Bailey*, 133 F.3d 363, 372 (5th Cir. 1998) (citing *Trinity Universal Ins. Co. v. Cowan*, 945 S.W.2d 819, 827-28 (Tex. 1997)); *HVAW v. American Motorists Ins. Co.*, 149 F.3d 1175, 1998 WL 413803, *2 (5th Cir. 1998) (same, citing *Bailey*, 133 F.3d at 372). Even if the insured did not expect or intend the extent of the resulting injury, there is no occurrence or accident where the injury is the inevitable and predictable result of the insured's actions. *Meridian Oil Production, Inc. v. Hartford Accident & Indem. Co.*, 27 F.3d 150, 152 (5th Cir. 1994); *see Wessinger v. Fire Ins. Exch.*, 949 S.W.2d 834, 837 (Tex. App.—Dallas 1997, no pet.) ("A person is held to intend the natural and probable results of his acts even if he did not subjectively intend or anticipate those consequences.").

Here, there is no "occurrence" because the Complaint alleges that the Officers and Directors acted knowingly and willfully. The Officers and Directors are alleged to have known about ongoing health and safety violations, including years of uncorrected contamination risk and Listeria contamination, yet they continued to produce and distribute Blue Bell's ice cream without instituting controls to prevent or eliminate such contamination.[25] Their knowing and

---

[24] Ex. 2 at Travelers_0028.
[25] *See* Complaint ¶¶ 48-68, 96, 112, 121, 144, 148 (Ex. 1; Dkt. 29).

intential failures caused the Listeria outbreak and Blue Bell's resulting financial losses.[26] The

Complaint alleges:

(1)     The Officers "*knew* that the Company had a *Listeria* problem and insufficient remedial processes to eliminate contamination, yet continued to produce and distribute ice cream. [The Officers] failed to provide information regarding *Listeria* testing and contamination to the other Board members and continued the Company's production and distribution of ice cream *in the face of known pervasive contamination*."[27]

(2)     The Officers failed to "take any steps to correct or control the essential issues regarding health and safety of the Company's products despite their *knowledge* that *Listeria* was present in Company products. [The Officers] had *knowledge in fact of the ongoing health and safety violations and the actual escalating* Listeria *contamination*" at a Blue Bell facility.[28]

(3)     The Directors' "expression of support for ▮▮▮▮▮▮▮▮▮▮ management," led by the Officers, "was given despite *the obvious existential threat* to the Company due to management's failure to operate the Company safely and the *blatantly evident lack of oversight and reporting of the known* Listeria *problems*."[29]

(4)     

(5)     The Officers and Directors "*willfully* fail[ed] to govern management and to institute any system of corporate controls and reporting at the Company regarding health and safety compliance. Their failure occurred despite the highly regulated industry in which Blue Bell operated … and *evidence of pervasive safety issues* at

---

[26] *See id.* at pp. 1-3, ¶¶ 68, 71, 96, 97, 99, 100, 113, 148.

[27] *Id.* ¶ 121 (emphasis added); *see also id.* ¶ 96-97 (The Officers "*knowingly* disregarded contamination risk and safety compliance and continued the Company's production and distribution of ice cream" after they were presented with "increasingly frequent and continuing positive presumptive test results for *Listeria*" ▮▮▮▮▮▮▮▮) (emphasis added); *id.* ¶ 143 (the Officers failed to conduct safe operations, disregarded contamination risk, and failed to report material information to the Directors).

[28] *Id.* ¶ 144 (emphasis added).

[29] *Id.* ¶ 112; *see also id.* ¶ 148 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮).

[30] *Id.* ¶ 115.

the Company's plants, including FDA inspection reports and employee complaints."[31]

(6)   "Defendants violated and breached their fiduciary duties of loyalty by the *willful* failure to govern the management of the Company and to institute fundamental controls over managerial operations."[32]

Because the Complaint only alleges knowing and intentional acts, not accidents, there is no coverage as a matter of law. In *HVAW v. American Motorists Ins. Co.*, the underlying complaint asserted a claim for breach of fiduciary duty alleging that the insureds "knowingly engaged in a complex conspiracy" to defraud the plaintiffs and described their actions as "intentional, malicious, willful and wanton." 1998 WL 413803, at *3. The Fifth Circuit held that, because the underlying complaint alleged only "intentional and voluntary acts," there was no occurrence under the policies and, therefore, no duty to defend. *Id.* at *2-3. Similarly, in *Butler & Binion v. Hartford Lloyd's Ins. Co*, the court held there was no coverage for a suit that alleged only intentional conduct because there was no "occurrence" under policy language identical to that here.[33] 957 S.W.2d 566, 568-69 (Tex. App.—Houston [14th Dist.] 1995, no pet.).

As in *HVAW* and *Butler & Binion*, there is no coverage under the Policies because the Complaint only alleges intentional acts and does not allege an "occurrence." *See also Trinity Universal Ins. Co. v. Cowan*, 945 S.W.2d 819, 827-28 (Tex. 1997) (holding there was no "accident" as a matter of law where a photo lab clerk intentionally made copies of and showed his friends a revealing photograph delivered by a customer, irrespective of whether the photo clerk expected or intended the customer to be injured by his actions); *Martin Marietta Materials*

---

[31] *Id.* ¶ 140 (emphasis added); *see also id.* at p. 2, ¶¶ 99 and 150 (alleging that the Officers and Directors knowingly and willfully failed to operate and govern Blue Bell safely and in compliance with regulations).

[32] *Id.* ¶ 148.

[33] The court in *Butler & Binion* also found that the intentional conduct alleged would be expressly excluded under the policy's exclusion for injury that was "expected or intended from the standpoint of the insured." *Id.* at 568-69. The Policies here contain an identical exclusion. *See* Ex. 2 at Travelers_0016. For the same reason, there also is no coverage under the Policies because any such coverage would be excluded by the expected or intended injury exclusion.

*Southwest Ltd. v. St. Paul Guardian Ins. Co.*, 145 F. Supp. 2d 794, 799 (N.D. Tex. 2001) (holding there was no "accident" as a matter of law where the insured intentionally diverted a creek without a permit causing a downstream plaintiff to lose its water source); *Latray v. Colony Ins. Co.*, No. 07-19-00350-CV, 2021 WL 5127520, *5 (Tex. App.—Amarillo Nov. 4, 2021, no pet.) (holding as a matter of law there was no "accident" where the insured intentionally dumped debris on property, even though the insured believed he had permission to do so); *Brown v. Am. W. Home Ins. Co.*, 05-11-00561-CV, 2013 WL 873824, at *4 (Tex. App.—Dallas Jan. 3, 2013, no pet.) (mem. op.) (finding no accident where the insured was alleged to have intentionally violated a contract and granting summary judgment for the insurer).

## D.   The Shareholder Suit does not Seek "Damages Because of Bodily Injury"

Travelers also has no duty to defend or indemnify Defendants because the Complaint seeks equitable relief and recovery of financial losses allegedly suffered by Blue Bell. The Policies provide coverage for "sums that the insured becomes legally obligated to pay as *damages* because of '*bodily injury*'… to which this insurance applies."[34] Claims for equitable relief are not covered.[35] Moreover, the only damages sought are the "hundreds of millions of

---

[34] *Id.* at Travelers_0015 (emphasis added).

[35] The Complaint seeks equitable relief in the form of (a) disgorgement and cancellation of the Officers' and Directors' stock and benefits unjustly received at the expense of Blue Bell and (b) implementation of policies and procedures to maintain adequate operational controls of Blue Bell. Complaint at p. 62 (Ex. 1; Dkt. 29). Under Texas law, equitable relief does not fall within the meaning of "damages." *See, e.g., In re Texas Assoc. of Public Schools Property and Liability Fund*, 598 B.R. 570, 579-81 (W.D. Tex. 2019) (holding no duty to defend where the only relief sought was equitable relief in the form of a tax refund, not damages); *Mustang Tractor & Equipment Co. v. Liberty Mut. Ins. Co.*, Civ. A. No. H-91-2523, 1993 WL 566032, *7-8 (S.D. Tex. Oct. 8, 1993) (holding that equitable claims for restitution and rescission do not qualify as "damages" under CGL policies); *Nortex Oil & Gas Corp. v. Harbor Ins. Co.*, 456 S.W.2d 489, 494 (Tex. App.—Dallas 1970, no writ) ("The insurer did not contract to indemnify the insured for disgorging that to which it was not entitled in the first place, or for being deprived of profits to which it was not entitled."); *cf. CSA Nutraceuticals GP, LLC v. Chubb*, No. 3:10-CV-02155-F, 2012 WL 12882137, *5 (N.D. Tex. Jan. 30, 2012) (holding the underlying plaintiffs did not seek damages because of bodily injury when they only sought recovery of "money damages and/or restitution to compensate them for their monetary losses, disgorgement of all of the Defendants' wrongfully earned profits and other gains from their scheme, and an injunction to halt the Defendants' continuation of their illegal meretricious conduct.").

dollars" Blue Bell lost because of the Officers' and Directors' breach of their fiduciary duties. The Complaint alleges the vast financial harm suffered by Blue Bell:

(1)   "The catastrophic consequences of the Company-wide *Listeria* contamination injured the Company and its stockholders *in the amount of at least hundreds of millions of dollars.*"[36]

(2)   The recall of all of Blue Bell's products ████████████ [37]

(3)   As a result of the Listeria outbreak, Blue Bell's ██████████████████
█████████████████████████████████████████████████ [38]

(4)   Blue Bell's ██████████████████████████████████████████████
█████████████████████████████████████████████████████████████
█████████████████████████████████████ "[39]

(5)   Blue Bell's ██████████████████████████████████████████
█████████████████████ [40]

The Shareholder Suit alleges that the Officers and Directors are personally liable for the *hundreds of millions in damages suffered by the Company* and its stockholders.[41]

"Under Texas law, economic losses and claims for pure monetary relief" are not covered damages. *CSA Nutraceuticals GP, LLC v. Chubb*, No. 3:10-CV-02155-F, 2012 WL 12882137, *5 (N.D. Tex. Jan 30, 2012). Because the Shareholder Suit seeks to recover Blue Bell's purely economic losses caused by the Officers' and Directors' breach of their fiduciary duties owed to Blue Bell, there is no coverage under the Policies. *See id.* (holding no duty to defend or indemnify a suit seeking damages to compensate for monetary losses or disgorgement of wrongfully earned profits because there were no damages "because of" bodily injury); *see also*

---

[36] Complaint at p. 2 (Ex. 1; Dkt. 29) (emphasis added).

[37] *Id.* ¶ 75.

[38] *Id.* ¶ 76.

[39] *Id.* ¶ 77.

[40] *Id.* ¶ 85.

[41] *Id.* at pp. 2-3.

*Nautilus Ins. Co. v. John Gannon, Inc.*, 103 F. App'x 534, 537-58 (5th Cir. 2004) (rendering summary judgment for insurer, holding there is no duty to defend or indemnify claims for "purely economic damages" under a CGL policy); *Nutmeg Ins. Co. v. Pro-Line Corp.*, 836 F. Supp. 385, 389 (N.D. Tex. 1993) (granting summary judgment for insurer because the underlying claim for lost sales was a claim for economic loss, not property damage); *Daneshjou Daran, Inc. v. Truck Ins. Exch.*, No. 03-06-00206-CV, 2009 WL 2410932, at *2 (Tex. App.— Austin Aug. 5, 2009, no pet.) (holding as a matter of law that a suit to recover an investment and anticipated profits was for purely economic loss and, thus, did not fall within the scope of the CGL policy); *State Farm Lloyds v. Kessler*, 932 S.W.2d 732, 737-38 (Tex. App.—Fort Worth 1996, writ denied) (rendering summary judgment in favor of insurer where the underlying suit sought economic damages, not property damage).

Defendants cannot avoid summary judgment by pointing to bodily injury allegedly suffered by Blue Bell's *customers* as a result of consuming contaminated ice cream. Defendants attempt to rely on background facts that the CDC determined that Blue Bell's contaminated ice cream caused a Listeria outbreak, sickening eight adults and that lawsuits were filed against Blue Bell by its injured customers.[42] The lawsuits filed against Blue Bell by its injured customers may allege "damages because of bodily injury." Indeed, when Blue Bell tendered such lawsuits, Travelers defended these claims under the relevant Policies.[43] But the Shareholder Suit does not allege damages because of bodily injury, and an indirect connection to bodily injury claims suffered by non-parties does not transform the Shareholder Suit into a covered claim. *See Fox Elec. I, Ltd. v. Amerisure Ins. Co.*, No. 4:05-CV-118-Y, 2006 WL 8438294, at *4 (N.D. Tex.

---

[42] *See* Defendants' Answer, Affirmative Defenses, and Counterclaims [Dkt. 16] at p. 17, ¶¶ 15-16, 22.

[43] While Travelers does not dispute that the lawsuits allege "damages because of bodily injury," coverage for the lawsuits requires satisfaction of all of the Policies' terms and conditions, including that such bodily injury was caused by an occurrence or accident. Blue Bell later expressly withdrew its claims for coverage of these lawsuits, at which time Travelers no longer defended the lawsuits.

Mar. 21, 2006) (holding no duty to defend where the underlying plaintiff sought to recover purely economic losses, even though those damages stemmed from property damage suffered by others). To hold otherwise would grossly "expand[] coverage of the policy so as to provide coverage for almost any liability where bodily injury is a factor." *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Ready Pac Foods, Inc.*, 782 F. Supp. 2d 1047, 1057 (C.D. Cal. 2011) (rejecting the argument that lost profits caused by a decline in patronage after an e-coli outbreak was a claim for damages because of bodily injury).

In *Fox Electric*, the general contractor on a construction project was sued for property damage, and the general contractor filed a third-party petition against a subcontractor (the insured) alleging it was liable for any judgment owed in the original lawsuit. 2006 WL 8438294, at *1. In a coverage suit brought by the subcontractor, the court held that the damages sought were solely economic, and thus, not damages because of property damage, as required for coverage under the CGL policy. *Id.* at *4. "While the third-party petition *describes the property damages suffered*…, that description is *merely informative* as to the claims" asserted. *Id.* (emphasis added). The third-party petition against the insured only "seeks recovery for the economic damages sustained" by the general contractor "as a result of [the insured's] defective work." *Id.* This relief "is economic in nature as opposed to relief for property damages itself," and, thus, is not covered. *Id.*

Likewise here, the only claim for damages is for the economic losses sustained by Blue Bell as a result of the Officers' and Directors' failure to prevent the Listeria outbreak. The Complaint's description of bodily injuries suffered by Blue Bell's customers is "merely informative." Any recovery by Blue Bell will be for its lost value and lost profits caused by the Officers' and Directors' breach of fiduciary duties, not "damages because of bodily injury."

Similarly, in *Preau v. St. Paul Fire & Marine Ins. Co*, the Fifth Circuit reversed the lower court and held that the insured's liability to reimburse the underlying plaintiff for the cost to settle a bodily injury claim was for economic loss, not for damages because of bodily injury. 645 F.3d 293, 297 (5th Cir. 2011) (applying Louisiana law). There, a shareholder of the named insured had written a letter of recommendation for an anesthesiologist despite knowing the doctor had been terminated from his job for drug abuse. *Id.* After the plaintiff hired the anesthesiologist, he injured a patient while under the influence of narcotics. *Id.* The plaintiff settled the patient's bodily injury claims, and then sued the shareholder to recover the settlement amount and prevailed. *Id.* at 294-95.

In the coverage suit, the Fifth Circuit held that the damages awarded against the shareholder were not covered under the plain terms of the CGL policy because they were not "damages for bodily injury." *Id.* at 296. The court distinguished between the damages sought from the shareholder for misrepresentation and the damages paid by the plaintiff to settle the patient's injuries. *Id.* The shareholder was "legally required" to reimburse the plaintiff "for the economic injuries it suffered as a result of" the shareholder's misrepresentations. *Id.* at 296. But, "[t]he fact that *the amount* of the damages [the plaintiff] sought was directly related to the amount it paid to defend and settle [the patient's suit] does not mean that [the shareholder] became legally required to pay for [the patient's] bodily injury." *Id.* (emphasis added). Therefore, the insurer had no duty to indemnify. *Id.*

Similarly, in *Ready Pac Foods, Inc.*, the court refused to find coverage for economic losses due to patronage arising out of an E. coli outbreak that also caused bodily injury. 782 F. Supp. 2d at 1057. The court held that the "argument that the Policies afford coverage for the alleged decline in patronage as damages flowing from the covered 'bodily injury claims' is

without merit," and explained that accepting such an argument would "expand[] the coverage of the policy so as to provide coverage for almost any liability where bodily injury is a factor." *Id.* As a matter of law, the lawsuit was "a claim for economic loss and [was] not covered under the commercial liability policies." *Id.* at 1058.

Under the courts' reasoning in *Fox Electric*, *Preau*, and *Ready Pac Foods, Inc.*, Defendants are not entitled to defense or indemnity for the Shareholder Suit because the Complaint does not seek an award of "damages because of bodily injury." It only seeks damages representing economic loss to Blue Bell, the insured. Even if it could be argued that some of the economic losses suffered by Blue Bell are because of amounts Blue Bell paid to injured customers, which the Complaint does not allege, that is not the injury for which the plaintiff seeks compensation or even has standing to seek compensation. The Complaint only seeks to recover economic losses caused by the Officers' and Directors' direct liability to Blue Bell arising out of their breach of their fiduciary duties to Blue Bell. Accordingly, Defendants are not entitled to coverage under the Policies.

**E.     The Opioid Cases that Defendants Rely upon are Inapposite**

In an effort to obtain coverage where none is afforded, Defendants have cited government opioid-litigation cases that are inapposite and non-binding. In the cases Defendants rely upon, the underlying plaintiffs are governmental entities suing to recover, at least in part, medical costs spent to care for and treat their citizens who have been injured by opioid abuse and addiction. Those cases narrowly held that suits to recover payments to provide medical care and services "arguably seek damages because of bodily injury," triggering the duty to defend. *See Giant Eagle, Inc. v. American Guarantee and Liability Ins. Co.*, 499 F. Supp. 3d 147, 154-55 (W.D. Pa. 2020); *Cincinnati Ins. Co. v. H.D. Smith, L.L.C.*, 829 F.3d 771, 773 (7th Cir. 2016); *Rite Aid*

*Corp. v. ACE American Ins. Co.*, C.A. No. N19C-04-150 EMD CCLD, 2020 WL 5640817, *1

(Del. Super. Ct. Sept. 22, 2020) (appeal pending).[44]

     None of these cases are applicable. Here, unlike in the cases cited by Defendants, there

are no allegations that Blue Bell directly paid any costs to care for or treat bodily injuries.

Instead, as discussed at length above, the losses at issue in the Shareholder Suit are for lost

profits and lost value caused by the Officers' and Directors' alleged breaches of their fiduciary

duties to Blue Bell. The opioid cases that Defendants cite involve a materially different set of

facts and circumstances and do not apply.

## IV.
## CONCLUSION AND PRAYER

     There is no coverage for the Shareholder Suit because the allegations in the Complaint do

not fall within the terms of the Policies for three independent reasons:

(1)    The Complaint does not seek to hold any insured "legally obligated to pay" damages.

    a.    The damages sought are to reimburse Blue Bell—the named insured—for its economic losses.

    b.    The Officers and Directors do not qualify as insureds because their liability to Blue Bell, if any, is for breach of fiduciary duties to Blue Bell.

(2)    The Complaint does not allege an "occurrence" or "accident," only the Officers' and Directors' intentional, knowing, and willful conduct.

(3)    The Complaint seeks to recover purely economic losses suffered by Blue Bell, not "damages because of bodily injury."

---

[44] Not only are the cases Defendants cite inapplicable, this area of law is far from settled. One of the cases relied on by Defendants is on appeal, and other courts have reached the opposite holding under the same facts. *See, e.g., Motorists Mut. Ins. Co. v. Quest Pharmaceuticals, Inc.*, 2021 WL 179454 (W.D. Ken. 2021) (appeal pending) (economic losses that arise out of bodily injuries caused by opioids are not "because of" or "for bodily injury"); *Travelers Prop. Cas. Co. of Am. V. Anda, Inc.*, 90 F.Supp.3d 1308 (S.D. Fl. 2015), *aff'd on other grounds*, 658 Fed. Appx. 955 (11th Cir. 2016) (medical costs the state incurred to treat opioid abuse and addiction are not damages "because of bodily injury"); *Cincinnati Ins. Co. v. Richie Enters. LLC*, 2014 WL 3513211 (W.D. Ken. 2014) (same).

Any of these points alone is sufficient to entitle Travelers to summary judgment that it has no duty to defend, and for the same reason, no duty to indemnify Defendants for the Shareholder Suit. Accordingly, Travelers respectfully requests that the Court grant summary judgment in its favor, declare that Travelers owes no duty to defend or indemnify the Defendants under the Policies in connection with the Shareholder Suit, dismiss Defendants' counterclaims with prejudice, and grant Travelers all other and further relief to which this Court deems it is justly entitled.

Respectfully submitted,

By: */s/Courtney Ervin*
    Courtney Ervin
    *Attorney-in-Charge*
    Texas Bar No. 24050571
    cervin@hicks-thomas.com
    J. Stephen Barrick
    Texas Bar No. 00796168
    sbarrick@hicks-thomas.com
    Amanda Goldstein
    Texas Bar No. 24102067
    agoldstein@hicks-thomas.com
    **HICKS THOMAS LLP**
    700 Louisiana St., Suite 2300
    Houston, Texas 77002
    Telephone: 713.547.9100
    Facsimile: 713.547.9150

**OF COUNSEL:**
James R. Old, Jr.
Texas Bar No. 15242500
jold@hicks-thomas.com
**HICKS THOMAS LLP**
111 Congress Avenue, Suite 1010
Austin, Texas 78701
Telephone: 512-827-7990
Facsimile: 409-419-1733

**ATTORNEYS FOR PLAINTIFFS
DISCOVER PROPERTY & CASUALTY
INSURANCE COMPANY AND THE
TRAVELERS INDEMNITY COMPANY
OF CONNECTICUT**

## <u>CERTIFICATE OF SERVICE</u>

I certify that on December 10, 2021, a copy of this instrument was served on counsel of record as listed below either via the Court's ECF noticing system or via US First Class Mail, postage prepaid, in accordance with the Federal Rules of Civil Procedure.

Douglas A. Daniels
Texas Bar No. 00793579
**DANIELS & TREDENNICK, PLLC**
6363 Woodway Dr., Suite 700
Houston, Texas 77057
Telephone: 713-917-0024
doug.daniels@dtlawyers.com

Timothy W. Burns
(admitted pro hac vice)
TBurns@bbblawllp.com
Jesse J. Bair
(admitted pro hac vice)
JBair@bbblawllp.com
**BURNS BOWEN BAIR LLP**
10 East Doty Street, Suite 600
Madison, WI 53703
Telephone: (608) 286-2303

**ATTORNEYS FOR BLUE BELL CREAMERIES USA, INC., BLUE BELL CREAMERIES, L.P., BLUE BELL CREAMERIES, INC., JOHN W. BARNHILL, JR., GREG A. BRIDGES, RICHARD DICKSON, PAUL A. EHLERT, JIM E. KRUSE, PAUL W. KRUSE, W.J. RANKIN, HOWARD W. KRUSE, PATRICIA I. RYAN, AND DOROTHY MCLEOD MACINERNEY**